IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br><br>    Plaintiff,  <br><br>    vs.  <br><br>ROBERT SHARP,  <br><br>    Defendant. | Case No. 11-CR-30049-SMY |

### ORDER

On May 6, 2016, the Court received a letter from Defendant Robert Sharp requesting a review of his case (Doc. 317). Sharp asks the Court to investigate his case or appoint counsel to determine his eligibility for relief in light of *Johnson v. United States*, _U.S._, 135 S. Ct. 2551, (Jun. 26, 2015).

In *Johnson*, the Supreme Court held that, relative to the Armed Career Criminal Act ("ACCA"), imposition of an enhanced sentence under the residual clause violates due process because the vagueness of the clause "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.*, 135 S. Ct. at 2557. On August 4, 2015, the Seventh Circuit concluded that *Johnson* announces a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. *Price v. United States*, 795 F.3d 845 (7th Cir. 2015) (authorizing District Court to consider second or successive Section 2255 motion seeking relief under Johnson relative to an ACCA sentence).

Relief pursuant to *Johnson* should be presented as a motion to vacate, correct, or set aside a sentence under 28 U.S.C. § 2255. These petitions are not filed in the underlying criminal case, but opened as a new civil proceeding. If Sharp wishes to file a § 2255 motion concerning *Johnson's* application to his sentencing, he should file a separate § 2255 motion. As such, the

**CLERK** is **DIRECTED** to send a § 2255 form motion to Defendant to assist him in that process.

Defendant is cautioned that the one-year period prescribed by 28 U.S.C. 2255(f)(3) for filing a §2255 motion runs from the date of the Supreme Court's ruling that initially recognized the right asserted, not from the date the newly-recognized right was found to be retroactive. *Dodd v. United States*, 545 U.S. 353, 357 (2005).  Further, Defendant is advised that if he has already filed a § 2255 petition as it concerns this case, he cannot file a second or successive § 2255 petition without first obtaining authorization from the United States Court of Appeals for the Seventh Circuit. *See* 28 U.S.C. § 2255(h).  If he has not previously filed a § 2255 petition concerning this case, he should bring all of his arguments for relief, including the one based on *Johnson*, in his petition.

**IT IS SO ORDERED.**

**DATE: June 13, 2016**

                                                                                  s/   *Staci M. Yandle*  
                                                                                  **STACI M. YANDLE**  
                                                                                  **DISTRICT JUDGE**